# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES D. VILLACRES, | ) | 1:05-cv-00356-LJO-TAG HC |
| Petitioner, | ) ) | |
| v. | ) ) ) | ORDER GRANTING PETITIONER'S MOTIONS TO FILE SUPPLEMENTAL BRIEF (Docs. 5 & 11); ORDER DIRECTING THAT SUPPLEMENTAL BRIEF BE FILED WITHIN THIRTY DAYS |
| K. M. POWERS, | ) ) | |
| Respondent. | ) ) | ORDER DENYING AS MOOT PETITIONER'S MOTION OF INQUIRY (Doc. 8) |
| | | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR INJUNCTIVE AND DECLARATORY RELIEF (Doc. 7); ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner filed his original federal petition in the United States District Court for the Central District of California, and on March 16, 2005, the matter was transferred to this Court. (Doc. 1). On August 31, 2006, Petitioner filed an ex parte motion for Court permission to submit a supplementary brief in support of his petition. (Doc. 5). November 29, 2006, Petitioner filed the instant motion to ask Court permission to add a supplemental brief to his petition. (Doc. 6). It appears from this motion, in which Petitioner cites state appellate decisions subsequent to the denial of his parole in 2002 that purportedly favor Petitioner, that Petitioner wishes to make more complete legal arguments regarding the claims in his petition. On December 7, 2007, Petitioner filed a motion of inquiry in which he seeks a ruling on his motion to file the supplemental brief.

(Doc. 8). On May 24, 2007, Petitioner filed yet another motion requesting permission to submit a supplemental brief in which Petitioner requests leave to file a supplemental brief based on "The Nature of the Crime." (Doc. 11, p. 3).

In an unrelated matter, on October 19, 2006, Petitioner filed an ex parte motion for injunctive and declaratory relief requesting that the Court issue an order to prevent Petitioner from being transferred to another prison facility by the California Department of Corrections and Rehabilitation. (Doc. 7). Petitioner contends that such a transfer is based on "faulty medical concerns as well as prejudicial retaliation" and that it would "impact Petitioner's private attorney from conferring with him for an upcoming Parole Consideration Hearing on or about 2-9-07."

### A. Motions to Supplement the Petition.

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a).

In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin, 59 F.3d at 844-45 (applying Rule 15(a) in a habeas case).

Here, no responsive pleading has been filed. Accordingly, Petitioner may file an amended petition without leave of Court. However, it appears that Petitioner does not wish to file an amended petition per se; rather, he appears to be asking simply to supplement the petition already on file with the Court by submitting additional factual and legal arguments in support thereof.

This is the first such request by Petitioner. Since Respondent has not made an appearance in the case nor filed a responsive pleading, the Court perceives no prejudice to any party in granting said motion. Moreover, nothing in the record suggests that Petitioner's motion is being

made in bad faith or for the purpose of delay.  Accordingly, the Court will permit Petitioner to file a supplemental brief in support of his petition within thirty days of the date of service of this order.  Accordingly, Petitioner's motion of inquiry urging the Court to grant the motion to supplement is rendered moot.

### B. Injunctive and Declaratory Relief.

Petitioner requests injunctive and declaratory relief from the Court in the form of an order prohibiting the California Department of Corrections and Rehabilitation from transferring Petitioner from his present facility.  The Court recommends that this motion be denied.

#### 1. The Requirements For Injunctive Relief Have Not Been Satisfied.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).   The general legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in the moving party's favor, and at least a fair chance of success on the merits.  Owner Operator Indep. Drivers Ass'n., Inc. v. Swift Transp. Co., Inc., 367 F.3d 1108, 1111 (9th Cir. 2004). These two formulations represent two points on a sliding scale, on which the required degree of irreparable injury increases as the probability of success decreases.  Id.; Oakland Tribune,Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Oakland Tribune, Inc., 762 F.2d at 1376.  In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  Id.  Here, Petitioner has failed to show irreparable harm.

Although Petitioner contends that his ability to consult with his lawyer will be prejudiced by transfer to another institution, his generalized allegation, without more, fails to demonstrate actual injury, as required by Lewis v. Casey, 518 U.S. 343 (1996).  First, Petitioner's concerns

are, at present, purely hypothetical. Although Petitioner implied that the transfer was imminent when he filed his motion on October 19, 2006, it appears that he is still at the same prison facility some ten months later and that no transfer has occurred. From this record, the Court cannot determine that a transfer actually will occur, or even that such a transfer is likely in the future. Accordingly, the harm Petitioner alleges is entirely speculative and contingent at the present time.

Moreover, Petitioner has not established that a transfer would be anything more than inconvenient for his attorney. Certainly, he has not established to the Court's satisfaction that the attorney-client relationship would be adversely affected or that Petitioner's representation in this case would suffer as a result of a geographic distance from his attorney.

Thus, because Petitioner has not made an adequate showing that he has suffered or is in imminent danger of suffering irreparable injury, the Court must recommend that injunctive relief be denied. Oakland Tribune, Inc., 762 F.2d at 1376.

### 2. The Court Lacks Habeas Jurisdiction To Consider Conditions of Confinement.

Even were the foregoing not the case, the Court also lacks jurisdiction, within the framework of a habeas corpus proceeding, to grant the relief Petitioner requests. A federal court is a court of limited jurisdiction. As a threshold and preliminary matter, the Court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the Court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

The Court's habeas jurisdiction was invoked and is delimited by the amended habeas corpus petition challenging Respondent's denial of parole for Petitioner at his 2002 parole hearing. Thus, the "case" or "controversy" over which this Court now has habeas jurisdiction is framed by the allegations in that petition. None of those claims, however, relates in any fashion to the location of Petitioner's incarceration within the California Department of Corrections. Since the amended petition does not contain allegations raising issues similar to those presented in Petitioner's motion, there is no controversy present with respect to the issues in Petitioner's motion to which the Court's habeas jurisdiction would extend. Nor would the issuance of the

order sought by Petitioner in his motion provide relief as to any of the claims contained in his petition. Accordingly, the Court lacks jurisdiction to issue such an order.

Petitioner's concerns are more properly addressed in a claim raised pursuant to 42 U.S.C. § 1983. A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), where the defendants are federal actors, is the proper method for a prisoner to seek monetary or injunctive relief based on a challenge to the conditions of that confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

By his motion, Petitioner seeks injunctive relief with respect to a condition of confinement, i.e., his place of incarceration; the motion does not seek release based on a challenge to the fact or duration of confinement or a denial of parole. Thus, the appropriate vehicle for such a claim is an action pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motions to file a supplemental brief in support of his petition for writ of habeas corpus (Docs. 5 & 11), are GRANTED. Petitioner has thirty days from the date of service of this Order within which to file his supplemental brief in support of the petition; and,

2. Petitioner's motion of inquiry of case disposition (Doc. 8), is DENIED as MOOT.

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motion for injunctive and declaratory relief (Doc. 7), be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 9, 2007**                                             /s/ Theresa A. Goldner
                                                                        UNITED STATES MAGISTRATE JUDGE