# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. VILLACRES, | ) 1:05-cv-00356-LJO-TAG HC |
|         Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION |
| v. | ) TO DISMISS FOR LACK OF EXHAUSTION (Doc. 23) |
| K. MENDOZA- POWERS, | ) ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
|         Respondent. | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his original federal petition in the United States District Court for the Central District of California, and on March 16, 2005, the matter was transferred to this Court. (Doc. 1). On January 17, 2008, Respondent filed the instant motion to dismiss, contending that none of Petitioner's claims in the instant petition have been exhausted in state court. (Doc. 23). On March 5, 2008, Petitioner filed what he termed a traverse; however, the Court construes the document to be an opposition to the motion to dismiss. (Doc. 26).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section
2  2254 Cases.
3  　　　　The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
4  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
5  the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
6  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
7  v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
8  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194, n.12
9  (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a
10 response, and the court should use Rule 4 standards to review the motion. See Hillery, 533 F.
11 Supp. at 1194, n. 12.
12 　　　　In this case, Respondent's motion to dismiss is based on Respondent's contention that
13 Petitioner has never presented his claims to the California Supreme Court. Accordingly, the
14 Court will review the motion pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.
15 　　　　B.  Exhaustion
16 　　　　A petitioner who is in state custody and wishes to collaterally challenge his conviction by
17 a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
18 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
19 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson,
20 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518 , 102 S. Ct. 1198
21 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
22 　　　　A petitioner can satisfy the exhaustion requirement by providing the highest state court
23 with a full and fair opportunity to consider each claim before presenting it to the federal court.
24 Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829
25 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair
26 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
27 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995) (legal basis);
28 Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), superceded

1   by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000).

2          Additionally, the petitioner must have specifically told the state court that he was raising
3   a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666,
4   669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
5   Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States
6   Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

       In 1993, Petitioner was convicted of second degree murder.  (Doc. 1-2).  However, the instant petition does not challenge Petitioner's conviction or sentence.  The petition challenges the failure of state parole officials to find Petitioner suitable for parole.  However, it does not appear that Petitioner has ever presented his parole denial claim to the California Supreme Court. With the original petition, Petitioner filed numerous documents and attachments to the petition to support his claim of a violation of his constitutional rights in the denial of parole.  One of these

3

documents was a October 13, 2004 order of the California Supreme Court denying Petitioner's petition for writ of habeas corpus. (Doc. 1-5, Exh. D). The inclusion of that order in the original petition implicitly suggested that Petitioner had exhausted his parole claim in the California Supreme Court.

However, Respondent has lodged documents with the Court that establish that the underlying petition to which the California Supreme Court order of October 13, 2004 was directed challenged a transfer of Petitioner by the California Department of Corrections and Rehabilitation ("CDCR") as part of what Petitioner claimed was a fictitious emergency situation created by the CDCR to increase appropriations from the California legislature. (Doc. 23-3, Exh. 7). In that petition, Petitioner had claimed that, as a "lifer" transferred to a three-tiered dormitory that also housed numerous other inmates, his life was placed in danger. The state petition denied by the California Supreme Court on October 13, 2004 had nothing whatsoever to do with any findings by parole officials as to Petitioner's suitability for parole.

In his response to Respondent's motion to dismiss, captioned a "Traverse," Petitioner once again submits a copy of the October 13, 2004 order from the California Supreme Court without addressing the underlying problem, raised by Respondent, that this particular order did not establish exhaustion of his parole claim. (Doc. 26, Exh. A). Rather than addressing the exhaustion issue, Petitioner's response once again contends that the parole board did not have before it "some evidence" on which to find Petitioner unsuitable for parole, that the board's assessment was "flimflam," and that such a decision was a "miscarriage of justice." (Doc. 26, pp. 2-4). Petitioner's response to the motion to dismiss, which comprises some eighty-five pages of argument and documents, addresses the issue of exhaustion only tangentially to say that, given the parole board's record of denying parole, exhaustion would be futile. (Doc. 26, p. 3). However, this argument is misconceived since the issue must be exhausted before the California Supreme Court, not the parole board. Thus, the parole board's record of denying parole, whether good or bad, is completely irrelevant here and begs the question of Petitioner's need to exhaust his claims in the highest court in the State of California before bringing them to this Court.

///

Based on the foregoing, the Court concludes that Petitioner has not presented his claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the petition is entirely unexhausted and the petition must be dismissed. Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-522, 102 S. Ct. 1198 (1982); Calderon v. United States District Court, 107 F.3d 756, 760 (9th Cir. 1997). Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's motion to dismiss (Doc. 23), be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 21, 2008**                                          /s/ Theresa A. Goldner
                                                                 UNITED STATES MAGISTRATE JUDGE