IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES D. VILLACRES, | ) | 1:05-cv-00356-LJO-TAG-HC |
|     Petitioner, | ) | |
| v. | ) | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| K. MENDOZA POWERS, | ) | |
|     Respondent. | ) | |

    Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On July 22, 2008, the Magistrate Judge filed a Findings and Recommendations which were served on all parties and which contained notice that any objections to the Findings and Recommendations were to be filed within twenty days. (Doc. 27). Petitioner filed objections on August 6, 2008. (Doc. 28). On August 13 2008, the Court entered an order adopting the Magistrate Judge's Findings and Recommendations and dismissing Petitioner's application for a writ of habeas corpus. (Doc. 29). Judgment was entered on August 13, 2008. (Doc. 30).

    On August 20, 2008, Petitioner filed a notice of appeal of the district court's order. (Doc. 31). On August 20, 2008, Petitioner filed a request for issuance of a certificate of appealability.

(Doc. 32).   The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues certificate of appealability, an appeal may not be taken to the court of appeals from--
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> > (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

1  In the present case, the Court finds that Petitioner has not made the required substantial
2  showing of the denial of a constitutional right to justify the issuance of a certificate of
3  appealability.  Reasonable jurists would not find it debatable that Petitioner has not shown an
4  entitlement to federal habeas corpus relief.  Accordingly, the Court hereby ORDERS that
5  Petitioner's request for a certificate of appealability is DENIED.
6  IT IS SO ORDERED.

8  IT IS SO ORDERED.
9  **Dated:   August 27, 2008**                             **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES DISTRICT JUDGE

3